UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL J. BERBERICH,

        Petitioner,                      Case Number: 06-CV-10914

v.                                          HON. VICTORIA A. ROBERTS

HELEN J. MARBERRY,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Michael J. Berberich, a federal inmate currently incarcerated at the Federal Correctional Institution in Milan, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his loss of twenty-seven days good conduct time as the result of a prison disciplinary proceeding. For the reasons set forth below, the Court denies the petition.

**I.**

Petitioner is serving a 120-month term of imprisonment, to be followed by three years supervised release, pursuant to his conviction for maintaining a residence used for unlawful drug activity. The sentence was imposed by the United States District Court for the District of South Dakota.

In this habeas proceeding, Petitioner asks the Court to reinstate twenty-seven days good conduct time which were disallowed after Petitioner was found guilty of a disciplinary violation. Petitioner previously was incarcerated at the Federal Prison Camp in Yankton, South Dakota. On April 13, 2005, he was transferred to the Yankton Detention Center after it was alleged that

he was involved in a fight with another inmate.

On March 25, 2005, a Bureau of Prisons (BOP) staff member, filed an incident report charging Petitioner with fighting with another person.  See Incident Report, attached as Exhibit 1 to Petition for Writ of Habeas Corpus.  A copy of the Incident Report was provided to Petitioner on March 26, 2005.  See id.

Pursuant to 28 C.F.R. § 541.15(h), the matter was referred to the Disciplinary Hearing Officer (DHO) because of the severity of the charged offenses.  On March 29, 2005, Petitioner was provided with advance written notice of the hearing and a notice of his rights during the hearing.  See Discipline Hearing Officer Report, attached as Exhibit 2 to Petition.  Petitioner expressed his desire to have a staff representative represent him at the hearing.

The DHO hearing was conducted on April 4, 2005.  Petitioner was found guilty of fighting with another person.  He was then given a disciplinary transfer to the Federal Correctional Institution in Milan, Michigan.  See Petition at p. 2.

Petitioner appealed the DHO's decision to the North Central Regional Office, which held that a procedural error occurred and granted Petitioner a rehearing.  See Regional Administrative Remedy Appeal, attached as Exhibit 4 to Response Brief.

A rehearing was conducted on September 15, 2005.  On September 2, 2005, Petitioner was provided with advance written notice of the hearing and a notice of his rights during the hearing.  See Notice of Disciplinary Hearing Before the DHO (Notice of Disciplinary Hearing) and Notice of Inmate Rights During Hearing, attached as Exhibits 6 and 7 to Response Brief.  Petitioner stated that he wished to have a staff representative represent him at the hearing, but did not wish to call witnesses at the hearing.  See Notice of Disciplinary Hearing.  Petitioner was

found guilty of fighting with another person.  The following sanctions were imposed for the violation: loss of twenty-seven days good conduct time, loss of 60 days of visiting privileges, and disciplinary transfer.

Petitioner appealed the disciplinary action and sanctions to the North Central Regional Office, which affirmed the decision.  See Regional Administrative Remedy Appeal, attached as Exhibit 9 to Response Brief.  Petitioner then filed an appeal to the Central Regional Office, which also affirmed the decision.  See Exhibit 10 to Response Brief.

Petitioner then filed the pending habeas petition, in which he asks the Court to reinstate his twenty-seven days good conduct time because, he argues, his right to due process was violated where no evidence was presented to confirm his involvement in the incident.

**II.**

An inmate's right to due process requires that, where a prison disciplinary proceeding may result in the loss of good time credits, the prison staff must comply with regulations governing disciplinary proceedings, and the inmate must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the fact finder of the evidence relied on and the reasons for the disciplinary action.  Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974).

In the pending case, the regulations governing the Bureau of Prisons disciplinary process were satisfied, as were the due process requirements of Wolff.  Prison regulations require that, to commence the disciplinary process, an incident report must be filed and the matter be investigated.  28 C.F.R. § 541.14.  In this case, an incident report setting forth the specific

allegations against Petitioner was filed.  <u>See</u> Incident Report, attached as Exhibit 4 to Petition, and Incident Report, attached as Exhibit 5 to Response Brief.  The matter was then referred to the Discipline Hearing Officer for hearing and disposition.

On September 2, 2005, in compliance with 28 C.F.R. § 541.15(i) and <u>Wolff</u>, Petitioner was given written notice of the rehearing and advised of his rights at the discipline hearing. <u>See</u> Notice of Discipline Hearing Before the DHO and Inmate Rights at Discipline Hearing, attached as Exhibits 6 and 7 to Response Brief.  The rehearing was conducted on September 15, 2005.  Petitioner was given the opportunity to speak in his own defense and submitted a written statement in which he denied the charge.  He was provided a staff representative and declined to present witnesses on his own behalf.  After hearing the evidence, the Discipline Hearing Officer prepared a written record of the event and imposed sanctions.  *See* DHO Report, attached as Exhibit 8 to Response Brief.

Once a court has decided that the procedural due process requirements of <u>Wolff</u> have been met, it must determine only whether there is "some evidence" which supports the decision of the prison disciplinary officer or board. <u>See</u> <u>Superintendent, Mass. Correctional Inst. v. Hill</u>, 472 U.S. 445, 455 (1985).  In the instant case, the hearing officer relied upon the investigative report, the staff's account of the incident, the other prisoner's account of the incident, and the medical assessments.  The hearing officer found the other prisoner's and the staff's account of the incident more credible than Petitioner's.  On the basis of this evidence, the hearing officer found Petitioner guilty.  The Court concludes that there existed some basis in fact to support the hearing officer's finding of guilt. The fundamental fairness guaranteed by the Due Process Clause does not allow courts to set aside decisions of prison administrators that have some basis

in fact. Id. at 456.

Thus, based upon the foregoing, the Court concludes that the prison disciplinary proceedings in Petitioner's case complied with the requirements of Wolff and with the regulations governing prison disciplinary proceedings.

### III.

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas is **DENIED** and the matter is **DISMISSED WITH PREJUDICE**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  December 5, 2006

The undersigned certifies that a copy of this document was served on the attorneys of record and pro se petitioner by electronic means or U.S. Mail on December 5, 2006.

S/Carol A. Pinegar
Deputy Clerk